***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. There was an employment relationship between the parties at the time of the alleged accident.
2. Southerland Electric is the employer, and Zenith Insurance Company was the workers' compensation carrier on the risk at the time of the alleged injury.
3. Plaintiff's alleged date of injury was September 25, 1996.
4. The parties were subject to the North Carolina Workers' Compensation Act at the time of the alleged incident.
5. Plaintiff's average weekly wage on the date of the alleged incident was $200.00, yielding a compensation rate of $133.34.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a warehouseman/laborer at all relevant times
2. On or about September 25, 1996, plaintiff allegedly fell and twisted his ankle sideways.
3. Plaintiff was represented initially in this matter by Ken King of Brumbaugh, Mu King.
4. On or about March 27, 1997, Mr. King filed a Form 18 on the plaintiff's behalf. The Form 18 indicated that plaintiff sustained a sprained ankle.
5. On October 29, 1998, Mr. King filed a Motion to Withdraw as Counsel for the plaintiff. The motion was granted.
6. On or about March 1, 1999, Tara Potter, an adjuster for Zenith Insurance company, Filed a Form 28B. The form 28B indicated that the report was closing the case. The total medical paid as of March 1, 1999, was $193.84 and there had been no indemnity paid on the claim. The last medical compensation paid, according to the Form 28B, was March 11, 1997.
7. On or about September 4, 2001, plaintiff filed a hearing request indicating that he had foot surgery and had sustained lost wages as a result of his injury on September 25, 1995.
8. Thereafter, plaintiff retained Samuel S. Popkin of Jacksonville, North Carolina, as counsel.
9. Counsel for defendants, Trula R. Mitchell, filed a 33R, indicating that plaintiff's surgery and alleged resulting lost wages were not the result of the 1996 accident, and that plaintiff's claim was time-barred.
10. Ms. Mitchell also wrote to Attorney Samuel Popkin informing him of the grounds in which she contended the claim was time-barred. Thereafter, by correspondence dated December 31, 2002, Mr. Popkin concurred with Ms. Mitchell's position and indicated that he would be happy to sign all of the documentation necessary to dismiss the case.
11. Deputy Commissioner Bradley Houser then filed an Order on January 11, 2002, granting the parties' motion to remove the case from the hearing docket.
12. In 2003, plaintiff, acting pro se, filed a second hearing request. Counsel for defendants then filed a Motion to Dismiss on the grounds that the case was time-barred.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. As of March 1, 1999, plaintiff's injury of September 25, 1996, was a minor medical claim only. N.C. Gen. Stat. § 97-28.
2. The right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation unless, prior to the expiration of this period, the employee files with the Commission an application for additional medical compensation, which is thereafter approved by the Commission, or the Commission on its own motion orders additional medical compensation. N.C. Gen. Stat. § 97-25.1.
3. The date of the last payment of medical compensation in this matter was March 11, 1997. There was no application for additional medical compensation until 2001, more than two years after the date of the last payment of medical compensation. The Commission on its own made no motions for additional medical compensation. Therefore, the plaintiff's claim is time-barred. N.C. Gen. Stat. § 97-24.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is time-barred and, thus, he is not entitled to any additional medical or indemnity compensation.
2. Each side shall bear its own costs.
This 19th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER